2. The second exception is void because repugnant to the first. Like a lease of land reserving the profits, for he leases, except the woods and underwoods, except the tops of the trees. By the exception of the tops, he has in part frustrated the first exception. Adjournatur.
On another day, the case was put: The tenant in fee levies a fine to his own use for life, without impeachment of waste, with power to cut and sell the trees; remainder to another for life; remainder in fee with power to the tenants for life to make leases for twenty-one years or three lives. Lessee for life made a lease for three lives, excepting all the woodgrowing or to grow, except sufficient to pale the park, and trees to repairthe house in the park, and the tops of the trees, except for fire bote to *Page 812 the lessee for three lives, and dies; then he in the remainder for life enters and cuts the trees, and the lessee for life brings trespass.
It was first argued that the reservation of the trees is not *well. When there is lessee for life, without impeachment of waste, he had not thereby any interest in the trees, but only an authority to take them during his estate. And as this is but an authority, it is determinable with the estate. Therefore, when here he made a lease, he could not except his authority. 27 H., 6; Statham Waste, 47. Tenant for life without impeachment; a stranger cuts the trees, the tenant shall not have damages, for the property is in the lessor. In 3 H., 6, 45. Lessor reserved quodliceret vendere et succidere; it is not an interest in the trees, but only an authority; and the lessee may before cut the small branches, and this is not an exception of the trees or an interest in them. In 41 and 42 Eliz.,M. Leechford v. Sanders. It was adjudged that if the lessor excepts quodliceret succidere et vendere, this is no exception of trees, nor aninterest in them. Like in this case, his power over the land is gone into other hands; therefore, the exception is void. Another reason is that the estate of the lessee for three lives is derived out of the fine, and is paramount to the estate of the lessee for life. So he is not in, either by himself or his lessee; for otherwise, when the lessee for life dies, the estate for three lives is gone, which is not the case here; otherwise, there should be use upon use. 1 Rep., 134, 176. Another reason is that the privilege is annexed to the estate of the lessee; therefore, when he grants this, the privilege goes. 3 E., 3, 44. Lessee for years without impeachment accepts a confirmation; the estate being gone, the privilege is gone also. 3 H., 5, and Dyer, 10, accordingly.
Objected. Here he may make a lease rendering rent. The difference is to be taken when there is power to make a lease with reservation; or only a power to lease. In this case he cannot reserve, for the estate is paramount, as has been said. As in Lea and Wroth's case, 6 Rep., in FitzWilliams' case. The lessee had power to reserve rent. But in 10 Rep.,Hove's case, he had not.
On the other part it was said: That the exception is good; for a lessee for life, without impeachment, has an interest. It is useless to argue this, for it was settled in 11 Rep., Bowl's case. And as in this case, the party has an interest, it is not like Sanders and Ives' case, as to the reservation of Ives by lessee for years. 5 Rep. The principal question, we conceive to be, whether the exception of the lops and tops of the trees is well; and it is void, as it is repugnant to the first exception, as a lease reserving the profits. 39 Assize, 11, per Wick. Grant a piscary, exceptpiscariam mean; the exception is void. 33 H., 6, 28. Lease reserving the herbage; the reservation is void. So here, reserving the trees, *except the tops; the reservation is void. But here, except the lopping *Page 813 
and topping, this does not give to the lessee the tops, but only an authority to do the act. 12 H., 7, 25; 13 H., 7, 13. License to hunt and kill the deer, does not give the deer. 18 E., 4, 14.
By the words without impeachment of waste, the lessee has an interest. Clearly so; but it shall not endure any longer than his estate. When here a lease is made, it goes out of all the estates and binds them all. So when he reserves the trees, the reservation is well; for it was according to the intention of the parties, and it is not contrary to law. Otherwise it would be an absurdity, for the lessee has power to cut and sell the trees and make leases, and yet by making the lease he cannot reserve his interest. And this does not resemble the exception of the trees by lessee for life or years, without such an interest; or it was a trick devised to oust all the lessors of their action of waste. But now when the lessee dies, although the reversion comes to him in the remainder for life, with the same privileges, the question is whether the exception shall aid him, or whether during this term for three lives he may not cut the trees; for the exception out of the exception is determined by the death of the lessor, and the lessee is only to have the ordinary botes of a tenant for life.